UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARVIN W. THOMAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE, LLC, JOHN DOES 1-1000 as unknown claimants; and 2641 ASHLEY OAK DRIVE, SCHERTZ, TEXAS 78154, | § § § § § | CIVIL ACTION NO. 5:11-cv-00509 |
| | § | |
| DEFENDANTS. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC, ("JPMC" or "Defendant") file its Notice of Removal of this action from the 25th District Court, Guadalupe County, Texas wherein it is now pending as Cause No. 11-1118-CV, to the United States District Court for the Western District of Texas, San Antonio Division, the District Court of the United States for the District and Division embracing the place where this action is pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Defendant shows this Court as follows:

1.  On June 3, 2011 Plaintiff Marvin W. Thomas ("Plaintiff") filed an Original Petition, Motion for Temporary Restraining Order and Application for Temporary Injunction (the "Petition") in the 25th District Court of Guadalupe County, Texas styled "*Marvin W. Thomas v. JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, John Does 1-1000 as*

*unknown claimants; and 2641 Ashley Oak Drive, Schertz, Texas 78154.*" where it was assigned Cause No. 11-118-CV (the "State Court Action").

2. Removal is timely pursuant to 28 U.S.C. § 1446(b), because thirty (30) days have not elapsed since Plaintiff's Petition was served on any Defendant in this case.

3. Pursuant to § 1446(d), this Notice of Removal will be filed with the 25th District Court, Guadalupe, Texas, and a copy of this Notice of Removal will also be served on Plaintiff. Attached as Exhibit "A" is an appendix of all documents filed in the State Court Action that identifies each document and indicates the date the document was filed in state court, including the state court docket sheet and all process, pleadings and orders filed or entered in the State Court Action. Defendant has filed contemporaneously with this Notice a civil cover sheet and a separately signed certificate of interested persons and disclosure statement that complies with FRCP 7.1.

## Ground for Removal: Diversity

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States; specifically:

(a) The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirements

5. In the Petition, Plaintiff seeks, among other things, declaratory relief and injunctive relief preventing JPMC from foreclosing on the real property where Plaintiff resides. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is

the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

6.      The real property at issue in this case has a current fair market value in excess of $75,000.  Plaintiff's suit involves Defendant's right to foreclose on said property.  Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

        (b)      There is Complete Diversity

7.      Plaintiff Marvin W. Thomas was, at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of the State of Texas.  For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent there from.  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

8.      Under the diversity statute, corporations "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...."  28 U.S.C. § 1332(c) (1).  The citizenship of a limited liability company is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

9.      Defendant JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio.  For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located.  *See Wachovia Bank, N.A. v. Schmidt*, 126 S.Ct. 941 (2006).  Accordingly, JPMC is a citizen of Ohio.

10. The citizenship of Defendants John Does 1-1000 as unknown claimants is disregarded for purposes of removal. *See* 28 U.S.C. 1441(a).

11. Defendant 2641 Ashley Oak Drive, Schertz, Texas, 78154 (the "Property") has been improperly joined and Plaintiff has not asserted any claim against the Property. While issues regarding title to the Property may be at issue in this lawsuit, the Property itself is not a necessary or proper party to the lawsuit. Accordingly, the citizenship, if any, of the Property should not be considered for purposes of diversity jurisdiction.

12. Because the amount in controversy exceeds $75,000 and because Plaintiff is a citizen of Texas, while Defendants are not, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC, prays that the above-described action now pending in the 25th District Court, Guadalupe, Texas be removed to this Court.

Respectfully submitted,


    */s/ Marci L. Schout*
WM. LANCE LEWIS
Texas Bar No. 12314560
MARCIE L. SCHOUT
Texas Bar No. 24027960
**QUILLING, SELANDER, LOWNDS
    WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEY FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiffs' counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 23rd day of June, 2011 at the address indicated below:

    Wade Kricken
    P.O. Box 59331
    Dallas, Texas  75229

                                      */s/ Marcie L. Schout*
                                Wm. Lance Lewis / Marcie L. Schout