UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARVIN W. THOMAS, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| v. § | |
| § | |
| JPMORGAN CHASE BANK, N.A., CHASE § | |
| HOME FINANCE, LLC, JOHN DOES 1- § | CIVIL ACTION NO. 5:11-cv-00509-XR |
| 1000 as unknown claimants; and 2641 § | |
| ASHLEY OAK DRIVE, SCHERTZ, TEXAS § | |
| 78154, § | |
| § | |
| DEFENDANTS. § | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC, ("JPMC" or "Defendant"), files its Motion to Dismiss for Failure to State a Claim and would respectfully show the Court the following:

### I.
### SUMMARY

Plaintiff filed his Verified Original Petition, Motion for Temporary Restraining Order, and Application for Temporary Injunction (the "Complaint") seeking to enjoin a foreclosure sale which was scheduled for June 7, 2011. Each of the numerous causes of action asserted by Plaintiff is premised on the alleged fact that Defendant was not the originator of the loan in question, and assignments of that loan to Defendant have not been recorded in the real property records. Because nothing in Texas law requires that assignments of loan documents such as a deed of trust be recorded before a foreclosure may proceed, Plaintiff's allegations in this regard fail to state a claim. In addition, with regard to several of the claims alleged, the allegations are

nothing but conclusory recitals of elements or statutory provisions, with no specific factual allegations regarding conduct by Defendant which allegedly gave rise to the cause of action. Because Plaintiff's Complaint asserts no viable cause of action or cognizable claim by which Plaintiff may be entitled to relief and fails to allege specific facts as required by the rules, Plaintiff's Complaint should be dismissed in its entirety pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

## II.
## ARGUMENT AND AUTHORITIES FOR MOTION TO DISMISS

### A.    RULE 12(b)(6) STANDARD.

The Court should dismiss Plaintiff's lawsuit pursuant to Rule 12(b)(6), because Plaintiff fails to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion, the "court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The pleading standard set forth by the United States Supreme Court does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, --- U.S. ----, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted)). While a court must accept all of the plaintiffs' allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*, 550 U.S. at 555.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 570. "A

claim has facial plausibility when the court can draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged." *Id*. at 556. The factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009). "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 557.

**B.    PLAINTIFF'S SUIT SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIM FOR RELIEF.**

Plaintiff's Complaint is devoid of factual allegations supporting specific causes of action upon which relief may be granted. The Complaint therefore does not satisfy the pleading requirements of Rules 8 or 12 (b)(6), and should be dismissed in its entirety.

**1.    The Complaint fails to state a claim because it is premised on prerequisites to foreclosure which are not required under Texas law.**

Many, if not all,[1] of Plaintiff's claims are premised on his allegation that Defendant has not proved that it holds the original promissory notes executed by Plaintiff and there is no recorded assignment of the Deed of Trust, and as a result, Defendant is not permitted to foreclose on the security interest created in such Deed of Trust. Complaint at 15-17. Because Plaintiff's Complaint seeks to impose prerequisites on foreclosure not required under Texas law, Plaintiff's causes of action premised on this allegation fail to state a claim.

Plaintiff takes the position that a party cannot proceed with a foreclosure unless it has produced proof it holds the original note and has recorded proof in the real property records that the loan has been assigned to it. Texas law contains no such requirement and courts have

---

[1] Plaintiff's claims for declaratory relief (Complaint at ¶20-22), negligence (complaint at ¶24-25), violations of Texas Property Code (Complaint at ¶27), accounting (Complaint at ¶31), and suit to quiet title (Complaint at ¶33-34) are all premised on the allegations that Defendant has not proved that it holds the original promissory notes executed by Plaintiff and there are no recorded assignments of the Deeds of Trust at issue.

dismissed declaratory judgment actions based on this "show me the note" premise. *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010); *Wells v. BAC Home Loans Servicing, L.P.*, W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011).

"Under Texas law, there is no requirement that the deed of trust assignment be recorded. And under Texas law, the ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded." *Bittinger*, 744 F. Supp. 2d at 625. Accordingly, failure to record an assignment of a deed of trust prior to a foreclosure will not give rise to a wrongful foreclosure claim and similarly should not support a declaratory judgment claim or any other claim. *Id*.

For example, in *Wells*, the borrower filed suit against BAC seeking to enjoin a foreclosure noticed by BAC. 2011 WL 2163987, at *2. The borrower requested proof that BAC had the original promissory note and "any documents showing the transfer or assignment of either the note or the deed of trust." *Id.* BAC refused to provide such proof. The borrower sought declaratory relief that BAC could not enforce the note or deed of trust through foreclosure and BAC filed a motion to dismiss for failure to state a claim. The Court granted the motion to dismiss finding that nothing in Texas law required that assignments or transfers of loans be recorded before a foreclosure could proceed. *Id.* at *3.

Similarly, courts from other jurisdictions, and courts applying Texas law have dismissed lawsuits filed on the premise that the defendant had not "shown the plaintiff the note" prior to foreclosure. *Wells*, 2011 WL 2163987, at *2 (collecting cases). This is because nothing about Texas law requires possession of the original note prior to foreclosure. *Wells*, 2011 WL 2163987, at *2. Chapter 51 of the Texas Property Code governs non-judicial foreclosure sale of real property under contract liens and specifies the procedures that must be followed. Under

Chapter 51, a "mortgagee" *or* a "mortgage servicer" may conduct foreclosure proceedings. *See* TEX. PROP. CODE ANN. § 51.0025 (Vernon 2004 & Supp. 2010). Mortgage servicer is defined as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." TEX. PROP. CODE ANN. §51.0001(3). Therefore, Defendant does not have to be the Note's possessor, owner, or assignee in order to foreclose on the Property; Defendant can foreclose even if it is only a servicer. *See id.*

Accordingly, the "show-me-the note" theory fails to "state a claim for relief that is plausible on face" and must be dismissed. *See Ashcroft v. Iqbal,* —U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also Wells*, 2011 WL 2163987. Because Plaintiff's claims are premised on requirements for foreclosure that are not consistent with Texas law applicable to foreclosures, Plaintiff's allegations fail to state a claim against Defendant. Defendant's motion to dismiss should be granted pursuant to Rule 12(b)(6).

### 2. Plaintiff's claims for negligence fail because they are not premised on a legally cognizable duty.

Plaintiff contends that Defendant should be held liable because the foreclosure counsel it retained did not use due diligence to determine if there were recorded assignments of the deed of trust. Complaint at ¶24-25. Recorded assignments are not a pre-requisite to foreclosure. *Bittinger*, 744 F. Supp. 2d at 625.

In a negligence cause of action, "[w]hether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Here the allegations in the Complaint and the relationship between Plaintiff and Defendant do not give rise to a legal duty. As a result, Plaintiff fails to state a claim for negligence and this cause of action should be dismissed pursuant to Rule 12(b)(6).

> 3. **Plaintiff's claims for Texas Consumer Credit Code/Debt Collection Practices should be dismissed because they are based on conclusory allegations.**

Plaintiff only summarily lists certain provisions of the Texas Debt Collection Practices Act which have allegedly been violated by Defendant. Plaintiff cites various sections of the Texas Finance Code alleging that "[t]hrough its communications and demands, Defendants JP MORGAN and CHASE have wrongfully accelerated and posted the Property for foreclosure." Complaint at ¶29.

Plaintiff's claim under the Texas Debt Collection Act and the Texas Finance Code should be dismissed because Plaintiff has not pled sufficient factual allegations to support such a claim against Defendant. *Henry v. CitiMortgage, Inc.*, 4:11-CV-83, 2011 WL 2261166 (E.D. Tex. May 10, 2011), report and recommendation adopted, 4:11-CV-83, 2011 WL 2214007 (E.D. Tex. June 7, 2011) (dismissing similar claims filed by Plaintiff's counsel). Plaintiff's claim is conclusory and fails to provide Defendant with the requisite notice of the factual allegations supporting a claim under the Texas Debt Collection Act and the Texas Finance Code.

> 4. **Plaintiff's claims for violations of the Deceptive Trade Practices Act should be dismissed because they are based on conclusory allegations and Plaintiff is not a consumer.**

Plaintiff's DTPA claim is entirely premised on the violations of the Texas Debt Collection Practices Act. Complaint at ¶30. Accordingly, for the same reasons discussed above, the DTPA claim should be dismissed.

Moreover, to prevail on a claim under the Deceptive Trade Practices Act ("DTPA"), Plaintiff must establish: (1) he is a consumer who sought or acquired, by purchase or lease, goods or services from CHF; (2) Defendants can be sued under the DTPA; (3) Defendant committed an act in violation of the DTPA; and, (4) Defendant's actions were a producing cause of Plaintiff's damages. *See* TEX. BUS. & COM. CODE ANN. §§ 17.41-17.63 (Vernon 2002 &

Supp. 2010); *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).  Even if Plaintiff could prove conduct actionable under the DTPA, Plaintiff does not have standing as a consumer under the Act.

DTPA plaintiffs must prove they are consumers under the DTPA.[2]  *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981); *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 564 (Tex. 1984).  A party is a consumer under the DTPA only if two requirements are met.  First, the party must seek or acquire goods or services by purchase or lease. *Riverside*, 603 S.W.2d at 173-74; *Cameron*, 618 S.W.2d at 539; *La Sara*, 673 S.W.2d at 564. Second, the goods or services must form the basis of the party's complaint. *Riverside*, 603 S.W.2d at 173-74; *Cameron*, 618 S.W.2d at 539; *La Sara*, 673 S.W.2d at 564.  If either requirement fails, the plaintiff must look outside the DTPA for relief.  *Cameron*, 618 S.W.2d at 539.  In this action, both requirements fail.

Approximately thirty years ago, the Texas Supreme Court held that loans of money or extensions of credit are not considered goods or services under the DTPA.  *Riverside*, 603 S.W.2d at 174; *La Sara*, 673 S.W.2d at 567.  In the case at bar, Plaintiff's complaint relates to the loan of money they received to purchase the Property.  Complaint at ¶8.  Plaintiff does not allege Defendant was the original lender on the Note, and therefore there are no facts establishing that Defendant had any dealings with Plaintiff at the time the loan was executed. *See id.* Plaintiff does not plead facts demonstrating that she sought to purchase or lease any goods or services from Defendant.  *Broyles v. Chase Home Finance LLC*, 2011 WL 1428904, at *4 (N.D. Tex. April 13, 2011).  Therefore, Plaintiff's Complaint does not demonstrate Plaintiff has standing as a consumer to support any cause of action against Defendant under the DTPA.

---

[2]  "Consumer" means an individual, partnership, or corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services ... . TEX. BUS. AND COMM. CODE ANN. § 17.45(4).

### 5. Plaintiff's requested order for accounting should be dismissed.

Plaintiff requests an "Order for an accounting of all transactions on this mortgage loan." Complaint at ¶31. Plaintiff fails to state a viable cause of action or offer any authority to support this request. A similar claim alleged by Plaintiff's counsel in a prior case was dismissed because the plaintiff in that case failed to explain why he was entitled to an accounting or allege any facts to support the request. *Henry*, 2011 WL 2261166, at *8. Moreover, "accounting is an equitable remedy and not an independent cause of action." *Id.* Accordingly, this unsupported request should be dismissed.

### 6. Plaintiff's quiet title and trespass to try title claims should be dismissed.

In the section of Plaintiff's Complaint titled "Suit to Quiet Title," Plaintiff asserts that "the chain of title to the Property is clouded due to the lack of recorded assignments that would otherwise prove proper custody of the promissory notes." Complaint at ¶33-34. Plaintiff is not entitled to quiet title relief because Plaintiff fails to identify any alleged legally significant weakness in the recorded deed of trust and fails to specify any strength of her own title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). In fact, Plaintiff admits he executed the notes and deeds of trust. Complaint at ¶8-9. Where a complaint fails to contain factual allegations regarding the strength of the plaintiff's title to the property, a plaintiff fails to state a legally cognizable claim for quiet title. *Wells*, 2011 WL 2163987, at *4. Accordingly, Plaintiff's "Suit to Quiet Title" should be dismissed.

### 7. Plaintiff's claims for injunctive relief fail absent a separate viable cause of action.

As Plaintiff's claims discussed above must be dismissed, so must Plaintiff's request for injunctive relief. Under Texas law, a request for injunctive relief, absent a cause of action

supporting entry of a judgment, is fatally defective and does not state a claim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Plaintiff has not, and cannot, state a claim for which he is entitled to relief against Defendant. Because Plaintiff cannot prevail on any other claim against Defendant, Plaintiff's request for injunctive relief must be dismissed.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A., individually and as successor in interest to Chase Home Finance LLC prays that the Court grant this Motion to Dismiss for Failure to State a Claim because Plaintiff's Complaint does not state any cause of action upon which relief may be granted.

Respectfully submitted,

*/s/ Marcie L. Schout*
WM. LANCE LEWIS
Texas Bar No. 12314560
MARCIE L. SCHOUT
Texas Bar No. 24027960
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.,
INDIVIDUALLY AND AS
SUCCESSOR BY MERGER TO
CHASE HOME FINANCE LLC**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiffs' counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 28th day of June, 2011 at the address indicated below:

    Wade Kricken
    P.O. Box 59331
    Dallas, Texas  75229

                                                  */s/ Marcie L. Schout*
                                       Wm. Lance Lewis / Marcie L. Schout